UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

QUEEN'S HARBOUR YACHT & COUNTRY
CLUB ASSOCIATION, INC.,

                              Plaintiff,

vs.                                                    Case No.  3:09-cv-1256-J-34MCR

HEMI CHRISTINE LEE, a/k/a Christine Lee,
LIFETIME REALTOR, INC., d/b/a Lifetime
Realty Group, d/b/a Lifetime Realty Mortgage,

                              Defendant.
_____/

# **O R D E R**

**THIS CAUSE** is before the Court on Defendant's Motion for a More Definite

Statement (Doc. 10) filed March 15, 2010.  Plaintiff filed a response in opposition to this

Motion on March 17, 2010 (Doc. 14).  Accordingly, the matter is now ripe for judicial

review.[1]

On December 21, 2009, Plaintiff filed a Complaint against Defendant alleging

trademark infringement.  (Doc. 1).  According to Defendant's Motion for a More Definite

Statement :

> The Complaint generally concerns the Defendant's use of the
> term "Queens Harbour" on its website when describing a
> certain area of Jacksonville, Florida.  However, the averments
> of the Complaint are vague to such an extent that Defendant

---

[1]On March 16, 2010, this Court entered an Order directing Defendant to file a certificate of
compliance with respect to Local Rule 3.01(g).  (Doc. 12).  Although this Order discharges
Defendant's responsibility to file a certificate of compliance, the Court cautions counsel that failure
to follow the Local Rules in the future may result in the filed document being stricken and returned.

> cannot determine what item(s) are in dispute between the parties.
>
> The Plaintiff seems to base their complaint on the Defendant's website usage of the term "Queens Harbour Homes". In Plaintiff's complaint, there is attached no less than seven (7) trademark exhibits.
>
> The Complaint is unclear as Plaintiff fails to state that any particular mark is being infringed.

(Doc. 10, pp. 1-2).

Under Fed. R. Civ. P. 12(e), a party may move for a more definite statement "if a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading." The burden is on the movant to demonstrate that the complaint is so vague or ambiguous that they cannot respond, even with a simple denial, in good faith or without prejudice to them. Aventura Cable Corporation v. Rifkin / Narragansett South Florida CATV Limited Partnership, 941 F. Supp. 1189 (S.D. Fla.1996). In general, motions for a more definite statement are disfavored under the liberal notice pleading approach under Fed. R. Civ. P. 8. Id. A motion for a more definite statement will be denied where Plaintiff's complaint gives the Defendants fair notice of the nature and basis of the claim as well as a general indication of the type of litigation involved and Plaintiff's complaint contains "a short and plain statement of the claim showing that the pleader is entitled to relief [.]" Fed. R. Civ. P. 8(a); Perkins v. School Bd. of Pinellas County, Fla., 152 F.R.D. 227 (M.D. Fla.1993). Accordingly, the Court has stated that Fed. R. Civ. P. 12(e) is designed to remedy unintelligibility in a pleading, not merely a claimed lack of detail.

Aventura, 941 F.Supp. at 1195; see also Hamilton v. Allen-Bradley Co., 217 F.3d 1321 (11th Cir. 2000)("Detail is not the bedrock on which a proper complaint stands").

Here, upon review of the complaint, the Court finds the allegations contained therein are not vague, ambiguous, or unintelligible. Rather, it is obvious from the complaint that it is Plaintiff's contention that the use of the words "Queens Harbour" infringes on all seven (7) of Plaintiff's registered trademarks. See (Doc. 1, ¶¶ 11-12). Additionally, it is clearly alleged that the use of Plaintiff's trademarks is likely to cause confusion amongst consumers regarding whether Plaintiff sponsors or approves of the Defendant's business. (Id.). Therefore, Defendant has failed to demonstrate that the complaint is so vague or ambiguous that it cannot respond.

Accordingly, after due consideration, it is

**ORDERED:**

Defendant's Motion for a More Definite Statement (Doc. 10) is **DENIED.**

**DONE AND ORDERED** in Chambers in Jacksonville, Florida this __18th__ day of March, 2010.

*Monte C. Richardson*
_____
MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record
Any Unrepresented Party